IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHALEENA KAUFMAN<br>(BOP No. 11053-028), | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | Civil Action No. 4:14-CV-536-O |
| JODY R. UPTON, Warden,<br>FMC-Carswell, | § <br> § <br> § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Petitioner, Kathaleena Kaufman, a federal prisoner confined at the Federal Medical Center-

Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell,

Respondent.  After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 24, 24, 2014, pursuant to a plea agreement, Petitioner pleaded guilty in the United

States District Court for the Southern District of Indiana, Indianapolis Division, to one count of

conspiracy to possess with intent to distribute and to distribute 50 grams or more of a

methamphetamine mixture and was sentenced to a 96-month term of imprisonment.  Minute Entry

and J. in a Criminal Case, *United States v. Kaufman,* Criminal Docket No. 1:12-cr-212-TWP-TAB-2,

ECF Nos. 240, 245.  Petitioner did not appeal her conviction and sentence and has not pursued a §

2255 motion in the convicting court.  She has filed a motion for reduction of her sentence under 18

U.S.C. § 3582 in the convicting court, which remains pending.  *Id.*, ECF No. 266.  This federal

petition was received for filing on July 14, 2014.  Pet., ECF No. 1.  Petitioner raises four grounds

for habeas relief, which are construed as follows:

(1)     She was led to believe that the fixed plea was a plea that both the U.S. attorney and the judge agreed upon;

(2)     Her criminal history was miscalculated;

(3)     She could not get "wire taps that was [sic] said to be evidence," and

(4)     She was refused replacement of counsel.

Pet. 5-6, ECF No. 1.

Petitioner seeks a downward departure of her sentence starting at 96 months.  *Id.* at 7.  No

service has been issued upon Respondent.

## II. DISCUSSION

This court has the duty to assure that it has jurisdiction over the matters before it.  *See Burge*

*v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy*

*Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  Federal Rule of Civil Procedure 12(h)(3) requires that

federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that

the court lacks jurisdiction over the subject matter.  FED. R. CIV. P. 12(h)(3).  Further, Title 28,

United State Code, Section 2243 authorizes a district court to summarily dismiss a frivolous habeas-

corpus petition prior to any answer or other pleading by the government.[1]  Therefore, no service has

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

issued upon Respondent.

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, on the other hand, is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A § 2241 petition attacking a federal conviction or sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner has neither alleged nor demonstrated that she can meet this standard. Moreover, Petitioner has not filed an initial § 2255 motion; therefore, she cannot possibly show that the remedy by § 2255 is inadequate or ineffective to test the legality of her conviction or sentence. A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

Petitioner's application to proceed in forma pauperis is **DENIED** for lack of supporting documentation from FMC-Carswell confirming the current balance in her inmate account.

     **SO ORDERED** on this **17th** day of **July, 2014.**


REED O'CONNOR
UNITED STATES DISTRICT JUDGE